# NO. 12-15-00209-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KULWANT GILL,* <br> *APPELLANT* | § | *APPEAL FROM THE 258TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kulwant Gill appeals his conviction for aggravated assault with a deadly weapon. In two issues, Appellant challenges the sufficiency of the evidence to support his conviction and contends that he received ineffective assistance of counsel at trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. He pleaded "not guilty," and the matter proceeded to a jury trial.

The evidence at trial showed that Appellant shot Joel Perez in the leg. According to Perez, Appellant grabbed his neck and then shot him only after Perez attempted to defend himself. Appellant, however, maintained that he acted in self-defense because he was afraid of Perez and believed Perez wanted to steal his money.

Ultimately, the jury found Appellant "guilty." The jury sentenced Appellant to imprisonment for ten years, but recommended that the sentence be suspended and Appellant placed on community supervision. The trial court signed an order placing Appellant on community supervision for ten years. This appeal followed.

In his first issue, Appellant contends the evidence is insufficient to support a finding beyond a reasonable doubt that he was not acting in self-defense.[1] According to Appellant, the evidence supports his theory of self-defense because: (1) a red substance found in his vehicle was never tested, (2) officers never investigated whether he was being robbed, (3) Perez provoked Appellant, (4) Perez did not want to press charges, (5) Madera changed her story to corroborate Perez's account of the shooting, and (6) Appellant voluntarily went to the police after the shooting. Appellant maintains that his conduct was consistent with that of an innocent person.

**Standard of Review and Governing Law**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring). The issue of self-defense is a fact issue to be determined by the jury, and a jury's verdict of guilt is an implicit finding that it rejected a defendant's self-defense theory. *Saxton v. State*, 804 S.W.2d 910, 913-14 (Tex. Crim. App. 1991). The jury's implicit rejection of a defendant's self-defense theory must be supported by legally sufficient evidence. *Id*. at 914. In reviewing the sufficiency of the evidence to support the jury's rejection of self-defense, we examine all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense and could have found against the defendant on the self-defense issue beyond a reasonable doubt. *Id.*

A person commits the offense of aggravated assault if he intentionally, knowingly, or recklessly causes bodily injury to another and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. §§ 22.01(a)(1) (West Supp. 2016), 22.02 (a)(2) (West 2011). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id*. § 1.07(a)(8) (West Supp. 2016). A "deadly weapon" includes a firearm. *Id.* § 1.07(a)(17).

---

[1] Appellant raises both legal and factual sufficiency. However, the court of criminal appeals has held that the "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply." *See Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010); *see also Miranda v. State*, 350 S.W.3d 141, 147 (Tex. App.—San Antonio 2011, no pet.).

A person acts in self-defense in using force against another when and to the degree he reasonably believes the force is necessary to protect him from the other's use or attempted use of unlawful force. *Id*. § 9.31(a) (West 2011). A "reasonable belief" is that which "would be held by an ordinary and prudent man in the same circumstances as the actor." *Id*. § 1.07(a)(42) (West Supp. 2015). The use of force is not justified if the actor is responding to force that he himself provoked, unless the actor abandons the encounter and the other nevertheless continues or attempts to use unlawful force against the actor. *Id*. § 9.31(b)(4) (West 2011). The Penal Code justification for self-defense focuses on the existence of some necessity, the circumstances under which the force was used, the degree of force used, and the type of conduct against which the force was used. *Kelley v. State*, 968 S.W.2d 395, 399 (Tex. App.—Tyler 1998, no pet.). The amount of force used must be in proportion to the force encountered. *Id.*

When a defendant raises self-defense, he bears the burden of producing some evidence to support his defense. *See* *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Once the defendant produces some evidence supporting his defense, the state then bears the burden of persuasion to "disprove the raised defense." *Id*. The burden of persuasion does not require the production of evidence; it requires only that the state prove its case beyond a reasonable doubt. *Id*. Moreover, "[d]efensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the [s]tate's evidence insufficient since the credibility determination of such evidence is solely within the jury's province[,] and the jury is free to accept or reject the defensive evidence." *Saxton*, 804 S.W.2d at 914. When the evidence is conflicting, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

**Analysis**

Appellant contends that the evidence is insufficient to support the jury's implicit rejection of his self-defense theory.

In this case, the jury heard two versions of events. According to Appellant, he confronted Nikki Madera on the night of the shooting because she had stolen from one of his employees. He testified that Madera has also stolen money from him on other occasions. Madera contacted the police. Officer Randy Wheeler of the Trinity Police Department responded to the scene and

3

instructed Appellant to leave the premises. Appellant, who owns a convenience store, testified that he left to go close his store.

Appellant testified that he returned to the scene after receiving a call from Madera. He explained that he had his gun with him because he was in possession of money from his store. When Appellant arrived at the scene, Perez approached his vehicle and opened the driver's side door. Appellant testified that Perez tried to hit him and insert his foot in the door. After unsuccessfully trying to push Perez out of the vehicle, Appellant shot Perez twice in the leg.

Appellant explained that he shot Perez because he was afraid of Perez and believed Perez was trying to take his money. Appellant testified that, immediately after shooting Perez, he drove to the police station to report the shooting and attempted robbery. He denied being involved in any prior altercations with Perez. He stated that his version of events has not changed since he spoke with the police, which was confirmed by the video of his interview with police.

Contrary to Appellant's account, Perez and Madera testified that Appellant was the aggressor. Madera claimed that Appellant returned to the scene after their earlier argument. At that time, Perez was present. According to Madera, Perez and Appellant began arguing and fighting. Appellant ran to his car, grabbed his gun, and shot Perez. Perez testified that he approached Appellant only after he heard Madera and Appellant arguing. According to Perez, when Appellant tried to grab his neck, Perez kicked at Appellant in self-defense. He testified that Appellant ran to his vehicle, grabbed his gun, and shot Perez four times in the leg. Perez denied approaching Appellant's vehicle or placing his leg inside Appellant's vehicle. Madera and Perez both testified that Appellant and Perez were involved in prior altercations.

Although he did not witness the shooting, Officer Wheeler believed that Appellant retrieved the gun from his store and returned to the scene to shoot Perez. Officer Wheeler testified that Perez suffered two gunshot wounds to his left leg and identified Appellant as the shooter. He further testified that a red substance was found inside Appellant's vehicle, but the substance was never tested to determine whether it was blood. He testified that, had Perez been shot inside Appellant's vehicle, he would expect to see more blood in the vehicle.

On appeal, Appellant does not challenge the sufficiency of the evidence to support the elements of the charged offense. Rather, he contends that he only discharged his gun in self-defense because he feared for his safety and wanted to protect both himself and his money.

4

Accordingly, we must determine whether the jury could have found against Appellant on his self-defense claim. *See Saxton*, 804 S.W.2d at 914.

The jury heard Appellant's testimony that he acted in self-defense, out of fear of Perez, and had no prior altercations with Perez. The jury heard contrary testimony from Madera and Perez. Specifically, they testified that there were prior altercations, and that Appellant retrieved his gun from his vehicle and shot Perez. Office Wheeler expressed his opinion that Appellant returned to the scene to shoot Perez after retrieving his gun. Additionally, the record does not indicate that Perez was armed at the time of the offense. As sole judge of the weight and credibility of the evidence, it was within the province of the jury to determine which evidence to credit and which to reject. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In doing so, the jury was entitled to reject Appellant's version of events and credit the testimony of Perez, Madera, and Officer Wheeler. *See id.*; *see also Clayton*, 235 S.W.3d at 778; *Saxton*, 804 S.W.2d at 914.

Based on that testimony, the jury could have determined that Appellant had a previous history with Perez, brought a deadly weapon to the scene, approached Perez with the gun, was not responding to similar force, and, therefore, was the aggressor on the night of the shooting. Accordingly, the jury could reasonably conclude that Appellant shot Perez when such force was not immediately necessary to protect himself from Perez. *See* TEX. PENAL CODE ANN. § 9.31(a). Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found against Appellant on his self-defense claim beyond a reasonable doubt. *See Saxton*, 804 S.W.2d at 914. Because the evidence is sufficient to support the jury's implicit rejection of Appellant's self-defense claim, we overrule Appellant's first issue.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his second issue, Appellant contends he received ineffective assistance when his trial counsel failed to introduce a witness's prior statement and stipulated to certain facts.

**Governing Law**

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that

(1) trial counsel's representation was deficient, and (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. An appellant must prove both prongs of *Strickland* by a preponderance of the evidence. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When it is easier for a reviewing court to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice without determining whether counsel's performance was deficient, the court should follow that course. *Id.*, 466 U.S. at 697, 104 S. Ct. 2069.

Review of trial counsel's representation is highly deferential. *See id.*, 466 U.S. at 689, 104 S. Ct. at 2065. In our review, we indulge a strong presumption that trial counsel's actions fell within a wide range of reasonable and professional assistance. *Id.* It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813 (citation omitted). When, as here, no record specifically focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent

6

attorney would have engaged in it." ***Goodspeed v. State***, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

### Evaluation of Trial Counsel's Representation

Appellant alleges that his attorney's performance at trial fell below the professional norm because he stipulated that Madera changed her version of the events instead of having the video of Madera's prior statement to police admitted into evidence. According to Appellant, Madera did not observe the shooting. Initially, Madera told Officer Wheeler that she did not witness the shooting. She explained that she was afraid and did not want to get involved. Madera testified that she subsequently decided to tell the truth. She further stated that Appellant asked her to tell the police that Perez tried to rob him, which she declined to do.

During trial counsel's cross examination of Officer Wheeler, he offered the recorded interview of Madera into evidence because he wished to play the portion in which Madera told Officer Wheeler that she did not see the shooting occur. However, the State offered to stipulate that Madera changed her story after the recorded interview, and trial counsel agreed to so stipulate. Trial counsel was also able to question Officer Wheeler and Madera about her previous statement. As explained above, Madera testified that she lied in her previous statement to police but subsequently decided to tell the truth.

The record is silent regarding trial counsel's reasons for abandoning his offer of evidence and accepting the State's offer to stipulate. Appellant's motion for new trial did not include claims regarding ineffective assistance of counsel. In addition, the record from the hearing on the motion for new trial does not show that Appellant raised a claim of ineffective assistance. Thus, we presume counsel made all significant decisions in the exercise of professional judgment. ***Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Because Appellant has failed to rebut the presumption that trial counsel's actions were based upon a reasonable decision, he has not satisfied the first prong of ***Strickland***. *See **Tong***, 25 S.W.3d at 712; *see also* ***Thompson***, 9 S.W.3d at 813; ***Perez v. State***, 56 S.W.3d 727, 731-32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Appellant's second issue is overruled.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 31, 2017

NO. 12-15-00209-CR

**KULWANT GILL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 258th District Court

of Trinity County, Texas (Tr.Ct.No. CR9947)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*